FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 20 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THOMAS M. EDMONDS,

                        Plaintiff,       **COMPLAINT**

                                                      11 CV XXX

-against-

                                                **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, P.O. WILLIAM CHAN,
Tax Id. No. 946849, P.O. DUANE BARNES,                   **ECF CASE**
Tax Id. No. 946626, and P.O.'s "JOHN DOE"
#1-10, individually and in their Official Capacity
(the name John Doe being fictitious, as the true
names are presently unknown.

                        Defendants.
-----------------------------------------------------------------X

       Plaintiff THOMAS EDMONDS, by his attorney, IKIESHA T. AL-SHABAZZ, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil right, as said rights are secured said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded 28 U.S.C. §§ 1331, 1343 and 1367.

1

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff THOMAS EDMONDS is an African American male and at all relevant times a resident of the City and State of New York

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the States of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O. WILLIAM CHAN and P.O. DUANE BARNES were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

2

regulations, laws, statutes, customs usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by the defendant THE CITY OF NEW YORK.

## FACTS

13. On January 8, 2010, at approximately 4:55 p.m., plaintiff, THOMAS EDMONDS, was present at or around 150-57 116 Drive in the County of Queens, and State of New York.

14. At the aforesaid time and place, plaintiff was operating a 1997 BMW with a New York License Plate ERZ4827.

15. The plaintiff was seized at gunpoint by members of the New York City Police Department, arrested, and taken to the 113th precinct.

16. On the above date, at approximately 5:15 p.m. inside the 113th precinct located at 167-02 Baisley Boulevard, County of Queens, and the State of New York THOMAS EDMONDS was brutally assaulted by members of the New York City Police Department and sustained severe injuries.

17. Specifically, P.O. Chan was behind the plaintiff and intentionally tripped him and then body slammed the plaintiff to the ground. While the plaintiff was on the floor, P.O. Barnes placed his knee on the plaintiff's neck and punched him in the back of his head and his rib cage. Several other police officers joined in and began to kick and punch the plaintiff. The assault continued for several minutes.

18. THOMAS EDMONDS was charged with, among other charges, Obstructing

Governmental Administration in the Second Degree, Assault in the Second Degree and Criminal Possession of Stolen Property in the Fourth Degree. Thomas Edmonds was thereafter arraigned and incarcerated on these charges which were lodged by Defendants, P.O. Chan and P.O Barnes.

19. In connection with his arrest, defendants filled out false and misleading police reports and forwarded them to prosecutors at the Queens County District Attorney's Office.

20. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

21. As a result of the excessive force used in connection with that arrest, THOMAS EDMONDS was admitted to the hospital where he was treated for lacerations to the face and ear. The plaintiff also sustained injury to his abdomen and ribs and had blood in his stool.

22. As a result of the foregoing, plaintiff THOMAS EDMONDS sustained, inter alia, severe bodily injuries, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. §1983

23. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

4

25. All of the aforesaid acts deprived plaintiff THOMAS EDMONDS of rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and violation of 42 U.S.C. § 1983.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

29. The acts complained of deprived plaintiff THOMAS EDMONDS of his rights:

    a. Not to be deprived of liberty without due process of laws;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from malicious abuse of process;

    d. To be free from unlawful search;

    e. Not to have summary punishment imposed upon them; and

    f. To receive equal protection under the law.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiff.

32. As a result of the foregoing, plaintiff THOMAS EDMONDS sustained, inter alia, bodily injuries, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendant issued legal process to place plaintiff under arrest.

35. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

36. Defendants acted with intent to do harm to plaintiff, without excuse or justification.

37. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear of his safety and he was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, a) arresting individuals regardless of probable cause, and b) utilizing excessive force in executing said arrests, and c) falsifying evidence to cover up police misconduct.

41. The forgoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

42. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

43. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was unlawfully arrested and detained, and subjected to excessive force.

44. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

45. The acts complained of deprived plaintiff THOMAS EDMONDS of his rights:

    g. Not to be deprived of liberty without due process of laws;

    h. To be free from seizure and arrest not based upon probable cause;

    i. To be free from malicious abuse of process;

    j. To be free from unlawful search;

    k. Not to have summary punishment imposed upon them; and

    l. To receive equal protection under the law.

46. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE,** plaintiff THOMAS EDMONDS, demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

New York, New York
Dated: April 19, 2011

The Law Office of Ikiesha T. Al-Shabazz
**IKIESHA T. AL-SHABAZZ, ESQ.**
274 West 145th St., Suite 300A
New York, NY 10039